# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD SOLDWEDEL, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TSW FABRICATION, INC., )<br>JOHN PAUL CATES, Individually, and )<br>JOSH CATES, Individually, )<br>    Defendants. ) | Civil Action No. 3:19-cv-170<br>Judge Trauger/Frensley |

## REPORT AND RECOMMENDATION

Pending before the court is a Motion to Enforce Settlement Agreement and Incorporated Memorandum of Law filed by the Plaintiff, Brad Soldwedel. Docket No. 16. Counsel for Defendants filed a Motion to Withdraw and for Enlargement of Time to respond to the pending motions. Docket No. 18. The court granted the Motion to Withdraw and allowed the Defendants until February 18, 2020 within which to obtain other counsel or be deemed to be proceeding pro se. Docket No. 21. Defendants were also allowed until February 18, 2020 within which to file any response to Plaintiff's Motion to Enforce the Settlement Agreement. *Id.* The Defendants have not obtained new counsel and have not responded to the motion to enforce the settlement agreement. For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion to Enforce Settlement Agreement (Docket No. 16) be GRANTED.

## PROCEDURAL HISTORY

This is a business dispute alleging breach of contract and other state law tort claims related to agreements to construct buildings on commercial properties owned by the Plaintiff. Docket No. 1-3. The action was originally brought in the Circuit Court for Wilson County, Tennessee and subsequently removed to this court by Defendants. Docket No. 1. Prior to the Initial Case

Management Conference in this matter, the Parties notified the court that this action had been settled. Docket No. 13. As a result, the initial case management conference was cancelled, and the parties were ordered to file a stipulation of dismissal or other settlement document by June 1, 2019. Docket No. 13. On June 4, 2019, the court granted the Parties' Joint Motion for Extension of Time to File Stipulation of Dismissal. Docket No. 15. On January 9, 2020, Plaintiff filed the instant motion to enforce the settlement agreement and incorporated memorandum of law. The matter was referred to the undersigned for disposition on January 10, 2020. Docket No. 17. Thereafter, counsel for the Defendants filed a Motion to Withdraw which was granted by the court on February 5, 2020. Docket No. 21.

In compliance with the Local Rules, counsel provided intent to seek withdrawal to Defendants on December 20, 2019. Docket No. 18-1. As a result and based on the pendency of the Motion to Enforce Settlement Agreement, Defendants were allowed until February 18, 2020 to obtain other counsel, or to be deemed as proceeding pro se. Docket No. 21. The Defendants were also granted an extension of time to February 18, 2020 within which to file any response to Plaintiff's Motion to Enforce Settlement Agreement. *Id.* The Defendants have not obtained other counsel or responded to the Motion.

**RELEVANT FACTS**

As a result of negotiations between the parties, a final settlement agreement of the claims between them was reached on or about May 2, 2019. Docket No. 16-1. Counsel for Defendants sent counsel for Plaintiff an email advising that an agreement had been reached and confirming the settlement terms discussed and agreed upon by the Parties. *Id.* Those terms were as follows:

- TSW agrees to pay $90,000 in three equal installments. The first $30,000 will be wired immediately upon execution of the settlement agreement. The second $30,000 will be paid within 12 months. And the third $30,000 will be paid within 24 months.

2

- TSW agrees to enter into an agreed judgment for $60,000 to cover the second and third payments with an interest rate of 11% per annum, which interest will begin to accrue for each separate installment payment on the date that particular installment becomes due. If TSW does not timely fulfill its obligation to make the installment payments on the respective due dates, the judgment creditor will be entitled to commence collection efforts under the agreed judgment for that particular payment amount and the interest that will then begin accruing related to that particular amount.

- The parties will execute a settlement agreement with mutual releases in a form acceptable to all parties, including confirmation of and releases from any other person or entity, if any, who may have the right to assert any of the claims set forth by Plaintiff in the Complaint.

- Because John Paul is in bankruptcy, the settlement and release related to John Paul will be need to be coordinated through his bankruptcy lawyer and approved by the bankruptcy court.

- Plaintiff agrees to provide us with proof satisfactory to us that he is in fact the owner of the claims asserted in the Complaint and/or he is entitled to bind any person or entity to the terms of the settlement agreement as necessary to prevent Defendants from being subject to additional claims over the same subject matter. If there are any such parties that Plaintiff cannot execute releases on behalf of, he will obtain those releases. You are gathering the necessary information to satisfy us as to who those parties are, if any, beyond Plaintiff.

*Id.*

Thereafter, the Parties appeared to engage in some back and forth regarding specific aspects of the agreement but consistently acknowledged that a settlement had in fact been reached. *Id.*

On August 14, 2019, counsel for the Parties communicated regarding the final agreed upon revisions to the settlement agreement confirming once again that an agreement had been reached. Docket No. 16-2. The communications included a final red line version of the mutual release and settlement agreement including all material terms. *Id.*

Plaintiff's Motion alleges that despite previously agreeing to the material terms of the settlement agreement and ultimately agreeing to all terms included in the mutual release and

settlement agreement, the Defendants have not made any payments required by the agreement. Docket No. 16. Plaintiff further represents that he is prepared to comply with the terms of the settlement and based on Defendants non-compliance, the court's intervention is necessary. *Id.* Plaintiff argues that in addition to orally confirming acceptance of the material terms of the settlement agreement, counsel confirmed on multiple occasions in writing that Defendants agreed to the terms of the agreement including those set forth in the final version and therefore "Defendants are irrefutably bound to their counsel's acceptance to the terms of the release and settlement agreement." *Id.*

## LAW AND ANALYSIS

The Sixth Circuit recognizes that district courts have "broad, inherent authority and equitable power" to enforce settlement agreements. *Bostick Foundry Co. v. Lindberg, a Division of Sola Basic Industries Inc.*, 797 F. 2d 280, 282-83 (6th Cir. 1986). To enforce a settlement agreement, a district court must find that the parties have reached an agreement on all material terms of the settlement. *Re/Max International, Inc. v. Realty One, Inc.*, 271 F. 3d 633, 646 (6th Cir. 2001). As long as the parties have agreed on the material terms the agreement is not required to be in writing. *Id.*

A settlement agreement is a contract and therefore is governed by the principles of contract law. *Bamerilease Capital Corp. v. Nearburg,* 958 F. 2d 150, 152 (6th Cir. 1992). There is no basis to rescind a contract merely because one regrets having agreed to its terms. There is no question that a person's attorney acts as an agent for the person. "[W]here express authority is given to an attorney to compromise a matter by the client, the attorney's agreement to settle within the terms expressed will bind the client." *Fort Sanders Regional Medical Center v. Collins*, 1992 WL 184682, at *1 (Tenn. Ct. App 1992)(citing *Hart v. First National Bank of Memphis*, 690 S. W. 2d

4

536 (Tenn. Ct. App. 1985)). The intent of the parties to a writing is determined from the whole instrument taken within the surrounding circumstances. *Dearing v. Brush Creek Coal Co.*, 186 S. W. 2d 329 (1945).

Defendants agreement to settle this matter could not be more clear the email communications between counsel are clear and unambiguous. On or about May 2, 2019, the Parties agreed in principal to the material terms of a settlement of the claims in this matter. Docket No. 16-1. As is customary, the parties then began negotiating the specific terms of the settlement and release agreement. While there were disputes regarding the specific language to be included in the agreement, those disputes were resolved to the satisfaction of the parties and there was a mutual agreement as to all of the terms and conditions of the release as evidenced by the email communications between counsel on August 2, 2019 and inclusion of the final release and settlement agreement. Docket No. 16-2.

The Defendants have not responded to the motion. Under Local Rule 7.01(a)(3) "if a timely response is not filed the motion shall be deemed to be unopposed . . . ." In this instance, the Defendants have not disputed the facts asserted in Plaintiff's motion or the authority of their counsel to accept the terms of the agreement. In sum, they have offered no basis to deny the Plaintiff's motion to enforce the agreement in this matter. Given their lack opposition to the motion, failure to dispute any of the factual basis for the motion or challenge their counsel's authority to bind them in such a way, coupled with the clear an unambiguous language accepting the agreement by counsel; the undersigned recommends that Plaintiff's Motion to Enforce the Settlement Agreement (Docket No. 16) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**